UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWIN LAMBERT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-3167 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion to Remand (Doc. No. 5) and Defendants' Motion to Dismiss and Alternative Motion for a More Definite Statement (Doc. No. 4). For the reasons stated herein, Plaintiff's Motion is **DENIED** and Defendants' Motion for a More Definite Statement is **GRANTED**. Plaintiff shall have fourteen (14) days to amend his Complaint in accordance with this Order.

## I.   BACKGROUND

Plaintiff Edwin Lambert filed this lawsuit in Harris County District Court for claims relating to the handling of his home equity loan by Defendants Wells Fargo, Bank. N.A., Ocwen Loan Servicing, LLC, and Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. (Original Petition, Doc. No. 1, Exh. A-2.) Wells Fargo Bank, N.A ("Wells Fargo") is the lienholder and Ocwen Loan Servicings, LLC ("Ocwen") is the current servicer. Homeward Residential, Inc. f/k/a/ American Home Mortgage Servicing, Inc. ("Homeward") was the servicer on the loan from at least October 1, 2008, until sometime in late 2012 or early 2013. (*See id*. at ¶9; *see also* Doc. No. 5, Exh. A (letter to Homeward dated Nov. 9, 2012).) The exact

1

date on which servicing of the loan transferred from Homeward to Ocwen is not stated in the Original Petition.

According to the state court Petition, confusion arose regarding a quarterly payment to Plaintiff's insurance company. Plaintiff alleges that the then-servicer, Homeward, incorrectly believed there to be a lapse in Plaintiff's insurance coverage and submitted a check to the insurance company. (Original Petition at ¶10.) Because Plaintiff had in fact made the insurance payment, Homeward's payment was returned. (*Id*. at ¶13.) However, Homeward thereafter claimed that Plaintiff owed various charges and fees in connection with the insurance payment. (*Id*.) Plaintiff continued to make, and Homeward continued to accept, Plaintiff's regular monthly payments through April 2011. (*Id*. at ¶15.)

Plaintiff alleges that, on April 26, 2011, Homeward sent a notice of default on the loan. (*Id*. at ¶18.) Thereafter, Homeward refused to accept payments from Plaintiff. (*Id*. at ¶16-17.) Plaintiff's attempts to correct Homeward's allegedly inaccurate accounting on the loan were unsuccessful and Homeward filed for foreclosure. (*Id*. at ¶23.) However, when the case was called to trial, Homeward filed a nonsuit, stating that it preferred to work the matter out. (*Id*. at ¶26.) Plaintiff submitted a check to Homeward to make up for payments that had been returned during the pendency of the lawsuit. (*Id*. at ¶27.) After submitting the check, Plaintiff received notice from Ocwen that it was the new loan servicer. Ocwen returned Plaintiff's check and informed him that it would not accept partial payments. (*Id*.)

On April 25, 2014, Wells Fargo filed for foreclosure, alleging that Plaintiff had failed to make thirty-seven monthly payments and that the amount necessary to cure the default was $20,997.61. (*Id*. at ¶31.) Plaintiff filed this lawsuit in Harris County District Court, alleging that Defendants made improper charges against Plaintiff's account in violation of Tex. Fin. Code §§

392.303 - 392.304, which prohibit unfair and unconscionable methods and misrepresentation by debt collectors ("Texas Debt Collection Act" or "TDCA").  Plaintiff further alleges violation of the Texas Deceptive Trade Practice Act, Tex. Bus. and Comm. Code §17.41 *et seq.* ("DTPA").  Plaintiff seeks damages in the range of $200,000 to $1,000,000, plus attorneys' fees and costs.  Further, Plaintiff seeks "a declaration from this Court as to the status of the Lambert loan and whether Wells Fargo, American Home Mortgage and Ocwen have made improper and excessive demands as to the amounts claimed to be owed by Lambert."  (Original Petition at ¶43.)

Defendants timely removed the case to this Court on November 5, 2014, pursuant to the Court's diversity jurisdiction.  (Doc. No. 1.)  There is no dispute concerning the amount in controversy or the citizenship of the Defendants.  However, Defendants argue that American Home Mortgage, a Texas citizen, was improperly joined and should be dismissed from the case.  Disagreeing with that assessment, Plaintiffs have filed a Motion to Remand.  (Doc. No. 5.)  Defendants have also filed a Motion to Dismiss and Alternative Motion for a More Definite Statement. (Doc. No. 4.)

## II.   MOTION TO REMAND

Plaintiff's Motion to Remand challenges the Court's jurisdiction and therefore must be considered first.

### A.   Legal Standard

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441(a).  The plaintiff in a removed action may challenge the assertion of federal jurisdiction through a motion to remand.  Although a motion to remand is brought by the plaintiff, the removing defendant carries the burden of showing that removal was proper and that

the federal court has jurisdiction over the action.  *See Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995).  Federal removal jurisdiction is to be narrowly construed, with all ambiguities resolved against the existence of jurisdiction and in favor of remand.  *See Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.2000).

"[U]nder the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined non-diverse and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir.2006) (citing *Smallwood v. Illinois Cent. R. Co.*, 38 F.3d 568, 573 (5th Cir.2004) (en banc), *cert. denied,* 544 U.S. 992 (2005)).  "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood,* 38 F.3d at 573.  The Fifth Circuit "recognize[s] two ways to establish improper joinder:  '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  *Id.* (quoting *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir.2003)).  Importantly, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir.2000)).

**B.     Analysis**

Defendants removed this case on the basis of the Court's diversity jurisdiction, asserting that Homeward is improperly joined because all of Plaintiff's claims against Homeward are barred by the statute of limitations.  (Doc. No. 1.)  Defendants argue that the only actions Plaintiff attributes to Homeward occurred more than two years before September 26, 2014, the

date Plaintiff filed this lawsuit, and so Plaintiff cannot establish a claim for relief against Homeward. (Doc. No. 9 at 6.)

The statute of limitations for a TDCA claim is two years. *Laali v. IndyMac Mortgage Servs.*, No. 4:12-CV-432, 2013 WL 4456680, at *13 (E.D. Tex. Aug. 16, 2013) (Clark, J.) (citing *Duzich v. Marine Office of Am. Corp.,* 980 S.W.2d 857, 872 (Tex.App.–Corpus Christi 1998, pet. denied)). Similarly, all actions brought under the DTPA must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred, or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 188 (Tex. App. 1996) (citing Tex. Bus. & Com. Code Ann. § 17.565).

Plaintiff has not alleged any actions by Homeward that occurred later than two years before he filed suit. Plaintiff alleges that Homeward charged improper fees in connection with the insurance payment; that Homeward refused to accept his May 2011 payment; and that Homeward asserted erroneously that Plaintiff was in default as of September 1, 2010, and owed $4,482.89. (Original Petition at ¶13-18.) All of these allegations relate to conduct that occurred outside of the two year statute of limitations period.[1] Plaintiff's Motion to Remand (Doc. No. 5) therefore must be **DENIED**.

---

[1] Plaintiff further alleges that Homeward filed a Notice of Nonsuit in its 2011 foreclosure action against Plaintiff, and thereafter indicated that it "wanted to work this matter out" with Plaintiff. (Original Petition at ¶25-26.) To the extent that Plaintiff alleges he had an agreement with Homeward to avoid foreclosure, for which he submitted a check to "make up the payments that had been returned . . . during the pendency of the lawsuit" (*id*. at ¶27), Plaintiff alleges only that the agreement was breached potentially by Ocwen when it returned Plaintiff's check and refused to accept allegedly partial payments. (*Id*.)

### III. MOTION TO DISMISS

Having denied Plaintiff's Motion to Remand, the Court finds that it has jurisdiction to consider Defendant's Motion to Dismiss and Alternative Motion for a More Definite Statement. (Doc. No. 4.)

#### A. Legal Standards

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, 990 (5th Cir.2006).

To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the grounds for entitlement to relief, including factual allegations that when assumed to be true raise a right to relief above the speculative level. *Bell Atl. Corp. et al. v. Twombly et al.*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor, et al.*, 503 F.3d 397, 401 (5th Cir. 2007). In other words, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Id*.

Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir.2010); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007).

A motion under Federal Rule of Civil Procedure 12(e) requires a court to determine whether the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The decision whether to grant a motion under Federal Rule of Civil Procedure 12(e) lies within the district court's discretion. *See, e.g.*, *Crawford–El v. Britton*, 523 U.S. 574, 597–98 (1998); *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. *Mitchell*, 269 F.2d at 130. Rather, all Rule 8(a) requires is a short and plain statement of the claim that will give notice of what the plaintiff's claim is and the grounds upon which it rests. "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedure established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Mitchell*, 269 F.2d at 130 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). For this reason, motions for a more definite statement are generally disfavored. *See* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d. ed. 2004) ("Thus, the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small . . . the pleading also must be so vague or ambiguous that the opposing party cannot respond to it[.]").

**B. Analysis**

As noted *supra*, the statute of limitations for TDCA and DTPA claims is two years. *See,*

*e.g.*, *Laali v. IndyMac Mortgage Servs.*, No. 4:12-CV-432, 2013 WL 4456680, at *13 (E.D. Tex. Aug. 16, 2013); *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 188 (Tex. App. 1996) (citing Tex. Bus. & Com. Code Ann. § 17.565).  Plaintiff has not alleged any actions by Homeward that occurred less than two years before he filed this lawsuit.  Plaintiff's claims against Homeward are therefore **DISMISSED WITH PREJUDICE**.

Plaintiff's DTPA claims must also be dismissed.  Under the DTPA, only a consumer may seek relief.  *Roy v. JPMorgan Chase Bank, N.A.*, No. 12-CV-2657, 2013 WL 164147, at *3 (S.D. Tex. Jan. 15, 2013) (Ellison, J.).  A consumer is defined as one "who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com.Code §§ 17.45(4). *See also Sherman Simon Enterprises, Inc. v. Lorac Service Corp.,* 724 S.W.2d 13 (Tex.1987) (recognizing the two requirements to qualify as a consumer under the DTPA as (1) seeking or acquiring by purchase or lease (2) any goods or services).  Here, Plaintiff obtained an extension of credit through a home equity loan, but did not purchase or lease any goods or services.  He is not a consumer for purposes of the DTPA.  *See, e.g.*, *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013) ("Generally, a pure loan transaction lies outside the DTPA because money is considered to be neither a good nor a service."); *Finegan v. Chase Home Finance, LLC*, No. 4:10-CV-04645, 2012 WL 444046, at *3 (S.D. Tex. Feb. 10, 2012) (finding plaintiff who sought a home equity loan was not a consumer under the DTPA).  Plaintiff's DTPA claims against Ocwen and Wells Fargo are therefore **DISMISSED WITH PREJUDICE**.

Regarding Plaintiff's remaining TDCA claims against Ocwen and Wells Fargo, the Court finds that Plaintiff's factual allegations are so vague and ambiguous that Defendants cannot respond properly.  *See* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d. ed. 2004).  Plaintiff alleges only that Ocwen returned a check he

8

had submitted; that it required multiple requests to convince Ocwen to investigate Plaintiff's assertions; and that Ocwen refused to acknowledge the dispute over the insurance charges. (Original Petition at ¶27-30.) However, Plaintiff does not allege any dates on which Ocwen took, or failed to take, any such actions. Plaintiff's only allegation against Wells Fargo is that it made a false representation to the state court in connection with the April 2014 Application for Expedited Foreclosure. (*Id.* at ¶31.)

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002). In the exercise of discretion, the Court **DENIES** Defendants' Motion to Dismiss based on Rule 12(b)(6) and **GRANTS** Defendants' Motion for a More Definite Statement based on Rule 12(e). Plaintiff shall have fourteen (14) days to amend his Complaint to allege facts necessary to state claims for relief against Defendants Ocwen and Wells Fargo. If the Court finds that Plaintiff's amended Complaint does not allege actions by the Defendants that occurred within the two-year statute of limitations, the Court will dismiss the amended Complaint.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 17th day of March, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE